## J. F. BARKER v. PARALEE BARKER.

[Abstract Kentucky Law Reporter, Vol. 3—58.]

**Suit to Vacate Judgment.**

> Where a judgment has been entered in a cause against a person who was not a party to the action, before such person can appeal from such a judgment he must make an effort to set the judgment aside.

Void Judgment.

>A judgment is void when taken against a person not served with process who resides within the jurisdiction of the court and who does not appear to the action.

### APPEAL FROM PULASKI CIRCUIT COURT.

June 14, 1881.

OPINION BY JUDGE PRYOR:

It seems from this record that the appellant not only filed his petition to vacate the judgment, but also made his motion for that purpose, and failed in each proceeding. An appeal from the original petition in which the judgment had been rendered, without the service of process, could not have been maintained without first making an effort to set that judgment aside. This petition was of itself a motion for that purpose, and the court asked to set it aside, and we see no reason why it should not have been sustained.

The publication required by the statute is intended as notice only to those who are not required to be brought before the court or to be made parties to the proceeding. The husband is required to be made a defendant where he fails to unite with the wife, and we know of no rule of practice based on statutory proceedings that will authorize a judgment against a party or affecting his rights, who is a defendant to the action and his person within the jurisdiction of the court, without the service of process upon him, and the statute before us should not be so construed.

Judgment *reversed* and cause remanded with directions to annul and set aside the judgment and for further proceedings.

*Stone & May,* for appellant.
*Morrow & Newell,* for appellee.